MARY O. THOMAS *et al.*

*v.*

ST. LOUIS, BELLEVILLE AND SOUTHERN RAILWAY CO.

*Filed at Mt. Vernon January 18, 1897.*

1. EMINENT DOMAIN—*party holding vendor's lien need not be consulted concerning compensation.* One holding a vendor's lien upon property is not such an "interested party," within the meaning of section 2 of the Eminent Domain act, (Rev. Stat. 1874, p. 475,) as to require a petition for condemnation of the property to aver an unsuccessful attempt to agree with him as to compensation.

2. SAME—*holder of vendor's lien a proper party to condemnation proceedings.* The holder of a vendor's lien is a proper party to a proceeding to condemn the property subject to such lien, and his lien attaches to the compensation awarded for the property condemned.

3. SAME—*petitioner need not determine in advance the validity of conflicting titles.* A condemnation petition which avers that a certain party "is the owner in fee" of the property sought to be taken, and that another party "claims some interest therein," sufficiently complies with section 2 of the Eminent Domain act, although the former party's title is invalid and the other is the true owner.

4. SAME—*railroad company losing title by foreclosure may condemn.* A railroad company purchasing a tract of land through which it constructs its right of way, may, upon losing its title to the entire tract by foreclosure of its mortgage thereon, condemn its right of way across the land, by paying just compensation therefor, as against subsequent purchasers deriving title through the mortgage.

5. SAME—*railroad company may condemn right of way though defending forcible detainer.* The fact that a railroad company is defending a forcible detainer suit, in which it denies the plaintiff's claim to the entire tract embracing its right of way, will not preclude it, on petitioning to condemn the right of way, from admitting the plaintiff's real interest and having compensation awarded him.

6. SAME—*corporation de facto may condemn.* Whether a corporation retaining its franchise is improperly exercising the same, or has entered into any illegal combination which may affect its franchise, is a question between the corporation and the State, and cannot be raised by a defendant in a proceeding to condemn.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

T. M. WEBB, and EDWARD L. THOMAS, for appellants:

One who holds a vendor's lien is a party interested. *Reed* v. *Railway Co.* 126 Ill. 48, and authorities cited; *Railroad Co.* v. *Weiden,* 70 Mich. 390; *Ellis* v. *Railroad Co.* 51 Mo. 200; *Railroad Co.* v. *Chicago,* 148 Ill. 141; *Lieberman* v. *Railroad Co.* 141 id. 140.

The statute requires the petitioner to set out in his petition the names of all parties interested therein as owners, or otherwise disclosed by the record. *Railroad Co.* v. *Teters,* 68 Ill. 144; *Johnson* v. *Railroad Co.* 116 id. 521.

It is a fatal defect not to show that parties cannot agree on compensation to be made, and as this objection is fundamental and goes to the very foundation of the whole proceeding, it may be raised at any time by any party. *Cunningham* v. *Railway Co.* 61 Mo. 33.

G. A. KOERNER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee filed its petition in the circuit court of St. Clair county to condemn a right of way for its railroad across lot 72 in Cahokia common fields, alleging that Samuel Leathe was the owner in fee of the strip to be taken, that appellant Mary O. Thomas claimed some interest therein, and that it had been unable to acquire said right of way from said Mary O. Thomas and Samuel Leathe by purchase, or to agree with them as to the compensation or damages to be paid therefor. Mary O. Thomas appeared and filed the affidavit of her husband, Edward L. Thomas, that she was the owner in fee of lot 72 and that Philip M. Gundlach had a vendor's lien on the same. Thereupon appellee asked leave to make Philip M. Gundlach a party, and the cause was continued. An amended petition was filed making Gundlach a party, and alleging that he claimed to have a lien upon said lot 72 for purchase money. To this amended pe-

tition Mary O. Thomas filed her demurrer, which was overruled, and the first error assigned is the overruling of that demurrer.

It is urged that the petition was defective in two points. The first is, that it did not allege any attempt to agree with Philip M. Gundlach upon the compensation to be paid for the property sought to be appropriated, before filing the petition. While we do not say that the court should listen at all to a demurrer of Mary O. Thomas that the petitioner did not show a right to proceed against Gundlach, in which question she had no interest, we think that the petition was not defective. It alleged a failure to agree with the defendants Mary O. Thomas and Samuel Leathe, who were the only persons from whom it could obtain title to the right of way. Gundlach was brought in afterward on account of his vendor's lien. In case of an agreement he might have been an essential party to it so as to relieve the premises of his lien, but no agreement with him could confer any title or obviate the necessity of a condemnation. When there was a failure to agree with the only persons who could convey any title to the right of way, there was an absolute impossibility of obtaining such right of way by agreement. Gundlach was a proper party to the petition, and the compensation and damages, which amounted to $1942, were properly ordered to be paid to him. That money stood in place of the land, and his lien attached to it, so that he was entitled to receive it as a payment on his claim. (*Chicago, Burlington and Quincy Railroad Co.* v. *Chamberlain*, 84 Ill. 333; *South Park Comrs.* v. *Todd*, 112 id. 379; *Union Mutual Ins. Co.* v. *Slee*, 123 id. 57; *Calumet River Railway Co.* v. *Brown*, 136 id. 322.) But the petition sufficiently showed that the compensation to be paid could not be agreed upon.

The second point is, that the averment that Mary O. Thomas claimed some interest in the premises was insufficient, and it is contended that the petitioner was bound

to set out who was the true owner and the nature of her claim.   Samuel Leathe held a tax title, and the petition averred that he was the owner in fee.   It turned out on the trial that Leathe's title was invalid and that Mary O. Thomas was the owner.   But this point was made on the demurrer before the trial, when nothing of that kind had been decided.   The statute required the petition to set forth the names of all persons interested in the premises, as far as known, but the petitioner was not bound to decide in advance on the validity of the titles of contending claimants.   There was no defect or insufficiency in the petition.

The demurrer being overruled, the defendants Philip M. Gundlach and Mary O. Thomas moved the court to dismiss the petition as to lot 72, and supported the motion by affidavit.   It was stated in the affidavit that the petitioner had been the owner of lot 72,—a tract of fifty acres, —subject to a mortgage of $2500, which it had agreed to pay by verbal arrangement with its grantor, but it had suffered the mortgage to be foreclosed and lost its title to the tract.   It appears that Edward L. Thomas was contractor for grading the road-bed, and bought the whole fifty-acre tract across which it was graded.   He mortgaged the tract for $2500, and conveyed it by quit-claim to Samuel H. Leathe, the father of the defendant Samuel Leathe.   The grantee was informed of the mortgage, and no consideration was paid for the deed except that the petitioner to whom Leathe was to convey was to assume and pay the mortgage.   Leathe afterwards conveyed the tract to petitioner, who, through its president, agreed to pay the mortgage.   Petitioner did not pay and the mortgage was foreclosed.   The land was sold, and Gundlach redeemed as a judgment creditor of the mortgagor, Edward L. Thomas, and obtained the title.   Gundlach sold to Mary O. Thomas, retaining a vendor's lien. It is argued that this purchase of the whole tract was equivalent to a condemnation of the right of way, or an

agreement with the owner upon the amount of compensation to be paid, by which the right to condemn was extinguished.

It is said that because the petitioner had once acquired title to the whole fifty acres and lost it, no power to condemn a strip for its right of way can now exist. In disposing of this question it is to be remembered that both Mary O. Thomas and Gundlach are subsequent purchasers. The road was built and in operation when Mary O. Thomas acquired her title, and the petitioner was in possession of its right of way. She got her title through the mortgage and had no right under any former contract, nor was she in any way connected with it. We do not see how she could raise this question or what interest she had in its determination. But we think there is nothing in the facts stated which in any case would interfere with the power to condemn. A railroad company that becomes dissatisfied with its purchase of right of way or with the judgment in a condemnation proceeding cannot abandon it and begin a new proceeding to obtain a more favorable verdict. (*Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago,* 143 Ill. 641.) But here there never was any agreement with anybody for the purchase of this right of way. The title to the whole tract failed by the foreclosure, but there was neither fraud upon anybody nor undue advantage to the petitioner in condemning its right of way across the same tract, paying just compensation therefor.

The second ground for the motion was a repetition of the first. The third ground was, that there was a suit pending in the Appellate Court, begun by Gundlach against the petitioner, in forcible detainer, in which petitioner denied that Gundlach had any right or title in the strip of land sought to be condemned. Gundlach, claiming the whole premises, commenced the suit in forcible detainer to oust petitioner from its right of way, and it is contended that by defending that suit and not peaceably

getting off from the right of way it is precluded from admitting Gundlach's interest by way of vendor's lien, and having compensation awarded to him in this proceeding. The fact that petitioner did not confess Gundlach's action and leave the premises could not have the effect to prevent it from paying for them.

The fourth reason assigned in the motion was that the petitioner had a bond from Samuel H. Leathe, under which he was responsible to pay whatever compensation and damages were assessed, and costs. This was perhaps good fortune for the petitioner, but it did not concern the defendants.

Before a jury was called, defendants insisted that petitioner should establish, by competent evidence, all necessary jurisdictional facts. It thereupon produced its charter, showed its power to exercise the right of eminent domain, and proved its efforts to agree with the defendant Mary O. Thomas, the owner of the premises. An objection was here made on account of failure to prove an attempt to agree with other parties; but that has already been passed on. The defendants then offered to prove that the railway of petitioner was a parallel line to the Cairo Short Line railroad from East St. Louis to Belleville, and that both lines were operated by the Illinois Central Railroad Company. There was no offer to show that the franchises of petitioner had been forfeited, and the court refused to admit the offered evidence. It was sufficient for the purpose of the proceeding that the petitioner was a body corporate *de facto.* (*McAuley* v. *Columbus, Chicago and Indiana Central Railway Co.* 83 Ill. 348.) While it retained its franchise the question whether or not it was improperly exercising such franchise was one between it and the State. Any question of illegal combination or arrangement entered into by it that might affect the franchise could only be raised by the People in a proceeding instituted for that purpose. *Hudson* v. *Green Hill Seminary,* 113 Ill. 618; *Barnes* v. *Suddard,* 117 id. 237;

*American Trust Co.* v. *Minnesota and Northwestern Railroad Co.* 157 id. 641.

On the trial the court permitted some witnesses to state the present value of the land, when the proofs showed that possession had been taken in March, 1893. If this was error it was met and cured by an instruction to the jury, that in fixing the value of the land taken they were confined to the value at the time the railway company took possession.

The judgment will be affirmed.

*Judgment affirmed.*