THE PEOPLE *ex rel.* R. L. McKinlay

*v.*

JAMES A. ROSE.

*Announced orally October 12, 1904.*

1. EQUITY—*equity has no jurisdiction over purely political matters.* A court of equity has no jurisdiction to enjoin particular action by the Secretary of State in the performance of his official duty in purely political matters, and any order entered by a court of equity assuming such jurisdiction is void.

2. MANDAMUS—*relator must show a clear legal right to writ.* To establish the right to a writ of *mandamus* the relator must show a clear legal right to the relief sought and a clear legal duty upon the part of the respondent to do the act the performance of which is sought to be enforced.

3. ELECTIONS—*authority of chairman and secretary of county central committee to call convention is not presumed.* It will not be presumed, in aid of a motion for leave to file a petition for *mandamus,* that the chairman and secretary of the county central committee had authority to call a convention of delegates, where the petition is silent in that respect.

4. SAME—*when mandamus will not be awarded. Mandamus* will not be awarded to compel the Secretary of State to certify the relator's name as the nominee of a certain convention where the petition fails to show that the convention was a legal one, called by parties regularly and duly authorized to call it.

MOTION for leave to file petition for *mandamus.*

JAMES A. CONNOLLY, for relator.

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

In the above entitled cause a motion is made for leave to file a petition for *mandamus.* The relief asked for relates to certain political conventions held in the Twenty-second Senatorial district of this State, composed of the counties of Edgar and Vermilion. The petition shows that one William H. Dwyer was nominated to the office of representative on the democratic ticket by a convention held May 21 at Danville,

in Vermilion county, and in the petition it is contended that the relator was legally nominated to said office by a convention held at Paris on June 11. The certificates of nomination were both regular on their face, and the honorable Secretary of State, under the authority of law and upon objections to such certificates being filed, referred the matter to the judges of the county courts of those counties. Upon consideration the county judges were unable to agree, one taking the view that the relator was the legal nominee and the other the view that the respondent, Dwyer, was the legal nominee of the party for said office in said district. The mandate of this court is now sought by the relator to require the honorable Secretary of State to certify the name of the relator, McKinlay, to the county clerks of the counties of the district, to the end that his name may appear upon the official ballot as the nominee of said party and entitled to three votes.

Among other things, it is alleged in the petition that upon the application of the respondent, Dwyer, a writ of injunction has been issued by one of the circuit courts against the honorable Secretary of State prohibiting him from certifying the name of the petitioner so that the same may appear upon the ticket, and that said injunction proceeding can not finally be disposed of between now and the time of the election, and that for that reason, among others, this extraordinary writ should be granted. Upon the injunction proceeding little stress need be laid. The rights here involved are purely political rights, and according to the petition the injunction proceeding is for the purpose of directing or preventing the honorable Secretary of State doing certain acts in the discharge of his official duty. Since the case of *Sheridan* v. *Colvin,* 78 Ill. 237, if the matter was ever in doubt or the question open, it has been settled in this court that the jurisdiction of courts of chancery is confined to questions arising relative to property rights or civil rights, and that the mere right to office or of the nomination to an office, or the acts of public officers in the discharge of their official duties, cannot be regulated or controlled by the writ of injunction;

and in the view we take of the law, any order of a circuit court upon such question would be void for want of jurisdiction in the court over the subject matter.

Coming to the merits of the petition upon the other allegations of fact, we may observe that it is necessary, to establish the right to the writ of *mandamus,* that the relator shall show a clear legal right to the relief sought and the clear legal duty on the part of the respondent to perform the act sought to be enforced. It is a writ that lies in the discretion of the court, and in the exercise of that discretion is never allowed except in those cases where the clear legal right is shown.

In the petition here it is alleged that a county convention was called by the county central committee of Edgar county, and that delegates to a Senatorial convention were duly and regularly selected from that county to the Senatorial convention prior to the time said convention was called. That allegation is followed by the allegation that H. S. Tanner, as chairman, and H. E. Rives, as secretary of the democratic Senatorial committee for said district, issued a call for a convention of delegates of said party for the said district to be held at the court house in the city of Paris on the 11th of June, 1904. It is further alleged that the delegates that were selected in Edgar county appeared at said Senatorial convention called by said chairman and secretary, and that the petitioner was by such convention nominated to said office. It is not averred in the petition that there was any rule or by-law of such party or political rule of action existing in that district under which the chairman and secretary of the central committee were authorized to call a convention. Ordinarily the duties of the chairman of a committee, as understood by lawyers and laymen alike, are to preside over its meetings and enforce obedience to its rules, and the duty of the secretary is to record the proceedings of such meetings. The chairman and secretary are, ordinarily, only authorized to call a meeting or to do any other act when directed to do so by the body over which the one presides and for which the other

'keeps the records. The petition in this case fails to allege that these parties who called this convention had any authority whatever to call it. Unless a legal convention was called by the parties regularly and duly authorized to call it, the petitioner would have no such legal right, by virtue of anything done by such convention, as he could call upon this court for a writ of *mandamus* to direct somebody to enforce.

On the showing made, the honorable Secretary of State cannot be required by *mandamus* to do an official act which will be a recognition of the nomination of the relator as a valid one. The matters in which this petition are defective are regarded by the court as material matters, for want of which the petition must fail.

The motion for leave to file petition must be denied, and it is so ordered.                              *Motion denied.*