THE CITY OF CHICAGO, in trust for the use of schools, Appellant, *vs.* AGNES MARGARET McGOWAN *et al.* Appellees.

*Opinion filed December 23, 1926—Rehearing denied Feb. 3, 1927.*

1. EMINENT DOMAIN—*value of evidence of sales.* In a condemnation proceeding, evidence of sales of some of the property a short time before the commencement of the proceeding to condemn furnishes some criterion valuable to the jury in fixing the cash value, but such evidence is not conclusive and its value is a question for the jury.

2. SAME—*when verdict of jury will not be disturbed.* In a condemnation proceeding, where the evidence is conflicting and the verdict is within the range of the testimony, courts will not interfere with the finding of the jury as to the amount of damages for the property taken unless there is something in the record showing that they have been influenced by passion or prejudice or that there has been some incorrect ruling of law by the trial court which might have misled them.

3. SAME—*what does not necessarily show verdict is not within range of testimony.* In a suit to condemn property consisting of several lots, the fact that the verdict of the jury is higher than the testimony of the petitioner as to a particular lot and that the defendant owner or owners offered no testimony specifically mentioning said lot does not necessarily show that the verdict is not within the range of the testimony, where the testimony of the defendant owners was not confined to any particular lot or parcel in many instances but covered all lots in the vicinity similarly located and valued the lots more than did the jury.

4. SAME—*instruction as to preponderance of evidence is proper.* Where the evidence is conflicting as to any issue of fact submitted to a jury, the jury must determine which evidence is of greater weight or more convincing, and, although no issues are joined in a condemnation suit, where evidence of values is conflicting it is the duty of the jury to find their verdict in accordance with the weight of the evidence, and it is proper to instruct the jury on the subject of the preponderance of the evidence where there is nothing in the instruction to mislead them.

APPEAL from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

FRANK S. RIGHEIMER, (RALPH W. CONDEE, LEO V. ROEDER, JOHN A. COOKE, and FRANK F. TRUNK, of counsel,) for appellant.

A. S. & E. W. FROEHLICH, for appellee George McKay.

McGINNIS & SADOSKI, JOHN E. OWENS, WILLIAM E. MOONEY, HARRY D. IRWIN, CORNELIUS J. HARRINGTON, STEPHEN F. RIORDAN, HENRY G. CONRAD, and GAIL E. DEMING, for other appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is a proceeding brought under the Eminent Domain act by the city of Chicago, in trust for the use of schools, to condemn a parcel of land in the city of Chicago for school purposes.

The property involved is in a section of Chicago known as Austin, and is bounded on the north by Hirsch street, on the east by Laramie avenue, on the south by Potomac avenue, and is divided in the center by Kamerling avenue. The west line of the property is approximately half-way between Laramie avenue and Lockwood avenue on the west. It is further described as lots 1 to 24, inclusive, in block 1, and lots 1 to 24, inclusive, in block 2, in Robinson Avenue Land Association subdivision of the east 10.728 acres of the south half of the northwest quarter of section four (4), township thirty-nine (39), north, range thirteen (13) east of the third principal meridian. Laramie avenue and Hirsch street are paved, Kamerling and Potomac avenues are unpaved. Sewer, water and sidewalks are in all streets. On Laramie avenue, across from the property in question, is a vacant 20-acre tract that some seven years ago was dedicated as a recreation park. It is now vacant prairie land and used by the boys in the neighborhood as a ball ground. The property in question is

about seven and one-half miles west of the loop, or business district of Chicago, and two and one-half miles north. There is no direct surface line transportation from the property to the loop. However, it may be reached by transferring from the North avenue car line on the north, the Division street car line on the south, and the Cicero avenue car line, which is about a half-mile east of this property. The Northwestern railroad is a mile to the south, the Lake street elevated is a mile and a quarter to the south, and the Chicago, Milwaukee and St. Paul railroad is about six blocks from the property. The principal improvements are bungalows, residences and two-flat buildings. The property is now zoned for two-story buildings. The petition to condemn was filed on the sixth day of July, 1925. The jury viewed the premises. At the trial, by agreement and for convenience, the property was divided into 30 parcels, according to ownership, and the evidence of values was introduced and the verdict rendered on that basis. Real estate men of wide experience, not only in the neighborhood in question but in similar districts throughout the city of Chicago, testified, as did real estate men whose activities were confined to the neighborhood. The evidence of some property owners was also introduced. Both sides introduced evidence of sales. There was the usual conflict in testimony as to some of the parcels. A motion for a new trial was made and overruled and judgment was entered upon the verdict for the respective amounts found by the jury, from which judgment an appeal has been prayed to this court.

It is contended by appellant that the verdict of the jury was against the overwhelming weight of the evidence and that the jury followed the testimony of appellees' witnesses upon all parcels where any evidence was submitted by them and totally ignored all the testimony of appellant's witnesses.

This proceeding involves 45 contiguous lots, divided into 30 parcels. There is no contention in appellant's brief

that the verdict and judgment in favor of the owner of 22 of these parcels were not within the range of the testimony, but it is contended that the jury ignored the evidence as to sales made of some of these parcels a short time before the commencement of the condemnation proceeding, and particularly attention is called to parcel 21, upon which the jury's award was $9050. The petition for condemnation was filed on July 6, 1925, and this lot was sold on June 8, 1925, for $5700, after its owner had received a letter from the board of education offering him $3800 for it, and he testified that he sold it to relieve himself from the condemnation proceedings. Immediately after the purchase of this parcel the owner had an excavation four feet deep and approximately 48 by 90 feet made thereon, with about 75 or 80 feet of concrete footings in the excavation. It was stipulated that the jury might add $500 to what they allowed for the lots to cover all other expenses for building, including material, labor, sewer, water, etc., pertaining to the contemplated building. That appellant did not consider that this sale price was any criterion as to the value of the property is evidenced by the fact that its three witnesses each estimated the value at $7000. Appellees introduced evidence tending to show that its value was $11,500 while the jury awarded $9050, which was well within the range of the testimony. Parcel 9 was sold on June 20, 1925, for $7000, subject to unpaid special assessments amounting to $2029.80, making the total cost to the owner $9029.80. One of appellant's witnesses fixed the value of this parcel at $9000 while the other two fixed it at $9100. One witness for appellees fixed its value at $11,000 while two witnesses fixed it at $12,500. The jury's award was $10,500. Evidence was introduced as to prior sales of some other parcels, but in each instance the amount awarded by the jury was well within the range of testimony. While evidence of such sales furnishes some criterion valuable to the jury in fixing the cash value, such evidence is not conclu-

sive and its value is a question for the jury. (*Dady* v. *Condit,* 209 Ill. 488; *City of Chicago* v. *Mullin,* 285 id. 296.) In cases of this kind, where the evidence is conflicting and the verdict is within the range of the testimony, courts will not interfere with the finding of a jury as to the amount of damages for the property taken unless there is something in the record showing that they have been influenced by passion or prejudice in reaching their verdict or that there has been some incorrect ruling of law by the trial court which might have misled them. *Sexton* v. *Union Stock Yard Co.* 200 Ill. 244; *Lanquist* v. *City of Chicago,* 200 id. 69; *Forest Preserve District* v. *Barchard,* 293 id. 556.

It is contended by appellant that as to a number of parcels there is no evidence in the record to sustain the verdict and that it was greatly in excess of any evidence submitted on the trial, and it calls our attention to several parcels upon which appellant's witnesses placed valuations and appellees did not introduce any testimony specifically mentioning these parcels and the jury's award was higher than the valuation fixed by appellant's witnesses. While there are instances in the record where some of the appellees did not offer specific evidence as to the values of their particular properties, these properties were lots contiguous to and of the same kind and character as other lots as to which evidence of values was offered which was amply sufficient to show the value of these lots. The evidence introduced was not confined to any particular lot or parcel in many instances but covered all lots in the vicinity similarly located. Where one appellee introduced evidence which covered the valuation of a lot belonging to another appellee, such other appellee, if satisfied with such evidence, was not called upon to introduce any further evidence on that subject. From an examination of the entire record in this case we are of the opinion that as to each parcel the valuation fixed by the jury was well within the range of the testimony.

It is contended by appellant that the court erred in giving to the jury an instruction upon the subject of the preponderance of the evidence, and that an instruction which states that a jury in a condemnation suit must decide upon which side is the preponderance of the evidence requires the jury to perform an act not contemplated by law or permitted under their oath, as in a condemnation suit no issues are joined for the jury to try. Whenever any question of fact is submitted to a jury, whether upon issue joined or in a condemnation suit, where the evidence is conflicting the jury must determine which evidence is of greater weight or more convincing. It was the duty of the jury to find their verdict in accordance with the weight of the evidence, and there was nothing in this instruction which could mislead the jury or induce them to believe that the burden of proving value by a preponderance of the evidence rested upon appellant.

It is contended by appellant that counsel for appellees, in the presence of the jury, indulged in improper remarks prejudicial to the rights of appellant, and particularly calls our attention to the statement of the attorney for one respondent who said, "I represent a dirt farmer downstate." We fail to see how a Cook county jury could be prejudiced against appellant by this remark. Our attention is called to other statements made by counsel for appellees, but none of them were of such a nature as to constitute reversible error.

We have carefully examined each of the alleged errors to which our attention has been called by appellant and in no instance do we find reversible error. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*