(No. 20322.—

THE SOUTH PARK COMMISSIONERS, Appellee, *vs.* MILTON R. LIVINGSTON *et al.*—(SIMPSON L. SIMMONS, Appellant.)

*Opinion filed April 23, 1931—Rehearing denied June 3, 1931.*

LEONARD A. SCHOLL, (DANIEL S. WENTWORTH, HENRY O. NICKEL, ROSS G. McCLURE, and ALFRED NEWTON, of counsel,) for appellant.

SCHNACKENBERG & HANSEN, (ELMER J. SCHNACKENBERG, of counsel,) for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

On October 21, 1927, appellee, the South Park Commissioners, under an ordinance passed September 21, 1927, filed its petition in the circuit court of Cook county to condemn

for park purposes 6.44 acres of land, including the property at 3735 Vernon avenue, in Chicago, the legal title to which was in Peter R. Boylan. The property was on the east side of the street between Thirty-seventh street and Thirty-eighth street. The lot was 35 feet wide and was improved with a two-story brick duplex flat-building. The petition was for the condemnation of the north half of the lot and the north half of the building. The building contained a basement flat and first and second floor flats, each consisting of a kitchen, two bed-rooms and a dining-room. On September 12, 1927, a written offer for the property was made by appellee to Boylan and refused. Prior to that date Boylan entered into a contract for the sale of the north half of the property, and Simpson L. Simmons, who then owned the contract, was in possession at the time the petition was filed. On December 25, 1928, before the trial, Boylan died and his seven heirs were made parties defendant. The defendants filed objections to the petition, the third, fifth and eighth of which were stricken from the record on motion of appellee. There was a trial by jury on March 4, 1930, there was a verdict and judgment for $4900, and Simmons has appealed to this court.

It is insisted that the court improperly struck from the record objections 3, 5 and 8. The third objection was that appellee was without money or means to pay for the property and had made no appropriation therefor. The fifth objection was that appellee was without the necessary funds and had made no appropriation or levy to develop the property for park purposes or for any purpose within its charter powers. The eighth objection was that appellee had never adopted any plan for the use of the land nor made an appropriation for it, and that the court was unable to pass upon the sufficiency of the money available for the construction of the work. In *Village of Depue* v. *Banschbach,* 273 Ill. 574, it was held that the fact that the petitioner in a proceeding to condemn land for a park had not levied a

tax or otherwise provided the funds to pay for the land was not a valid objection to the proceeding, as the only concern of the defendant was that funds be provided by the time the petitioner was allowed by the judgment to take the land, and that the defendant was not required to give credit to the municipality or part with his land until he was paid in full the amount awarded him by the judgment of the court, citing *City of Chicago* v. *Sanitary District,* 272 Ill. 37, where it was held that it was immaterial that the petitioner was not to furnish the money to pay for the land condemned but had an arrangement whereby a third person was to advance the money. A copy of the ordinance for the improvement was attached to the petition. It recited that appellee, for the purpose of enlarging the park system under its control by acquiring additional lands within the district and creating an additional park, had selected the land in question in accordance with the provisions of the statute and the president of appellee was authorized to institute condemnation proceedings. In the case of *Chicago and Western Indiana Railroad Co.* v. *Heidenreich,* 254 Ill. 231, the defendant sought to require the plaintiff to exhibit its plans showing what was to be done with the property condemned. Plaintiff replied that it had no plans; that the terminal facilities at its station were insufficient; that the station was used by seven or more railroad companies and that the property was to be used for a terminal station. It was held that the petition was properly filed and the property was needed for the uses specified. In *Alton and Southern Railroad* v. *Vandalia Railroad Co.* 271 Ill. 558, it was held that plans and specifications are not indispensable in condemnation proceedings but may be required if there is any necessity therefor. Where the legislature has delegated authority to exercise the right of eminent domain to a corporation, the corporation has the authority to decide on the necessity for exercising the right, and its discretion is conclusive in the absence of a clear abuse of

the right. (*Chicago North Shore and Milwaukee Railroad Co.* v. *Chicago Title and Trust Co.* 328 Ill. 610; *Inter-State Water Co.* v. *Adkins*, 327 id. 356; *City of Winchester* v. *Ring*, 312 id. 544.) The court was not in error in striking objections 3, 5 and 8 from the record.

The first objection filed to the petition was that all parties in interest were not made parties defendant. The second objection was that no legal offer of purchase had been made to the respective parties in interest. It was stipulated that Boylan was the owner in fee simple at the time the petition was filed and that appellant held a contract of purchase; that Boylan died a year after the filing of the petition and before the trial, and his heirs were made parties defendant. In *St. Louis and Cairo Railroad Co.* v. *Postal Telegraph Co.* 173 Ill. 508, on page 515, it was said: " 'An omission of any proper party will not invalidate the proceedings as against such persons as are made parties. The only consequence is, that as against the omitted parties the condemnation is nugatory.' (7 Ency. of Pl. & Pr. p. 504.) The mortgagees not being made parties would be left unaffected as to their interests by the judgment of condemnation. The condemnation is nugatory as to them but not invalid as to the appellants. A party will not be permitted in a court of review to take advantage of an error that does not injuriously affect himself or his interests." Appellant was a party defendant to the petition, and he is in no position to complain that other persons were not made defendants.

Under section 2 of the Eminent Domain act one of the conditions under which condemnation may be instituted is that the compensation to be paid for the property taken can not be agreed upon by the parties interested. It was stipulated that on September 12, 1927, Boylan was the owner in fee subject to the contract to Simmons, who was in possession, and that on that date the general attorney for appellee sent a letter to Boylan making an offer of purchase,

which was refused by Boylan. It is insisted by appellant that no attempt at settlement was made with him, therefore the condemnation proceedings cannot be sustained. In *Thomas* v. *St. Louis, Belleville and Southern Railway Co.* 164 Ill. 634, the petition alleged a failure to agree with the owner, who had the legal title. It was insisted that the petition was defective because it did not allege an attempt to agree with a party who held a vendor's lien. It was held that in case of an agreement of settlement the holder of the vendor's lien might have been an essential party but that an agreement with him could not confer title or obviate the necessity of a condemnation, and that on account of the failure to agree with the only persons who could convey title there was an absolute impossibility of obtaining the property by agreement. In *Public Service Co.* v. *Recktenwald,* 290 Ill. 314, the petitioner sought to acquire land owned by two persons and addressed a letter to only one of them, who refused to sell, and it was held that the offer, in substance, was to the owners of the tract, but, in any view of the matter, if the petitioner could not agree with one of the owners for an undivided interest no further attempt to negotiate was necessary. In *Mercer County* v. *Wolff,* 237 Ill. 74, it was held that where one of the owners of land sought for a jail site had declined to accept the terms offered by the county there was a failure to agree. In *Chicago North Shore and Milwaukee Railroad Co.* v. *Chicago Title and Trust Co. supra,* it was held that where it is evident from the conduct and acts of the parties that they cannot agree on compensation the judgment will not be reversed because no direct evidence was offered to show inability to agree. The heirs of Boylan took their title subject to the pending suit, and if the suit was properly instituted appellee had a right to have it proceed to final judgment regardless of the death of Boylan. On account of the offer having been made to Boylan, the holder of the fee simple title, and his refusal to accept, there was a compli-

ance with the statute and condemnation proceedings were properly instituted.

Appellant insists that the court erroneously, of its own motion, without a request from either party, directed the jury to view the premises, in violation of section 9 of the Eminent Domain act, which provides that the jury shall at the request of either party go upon the land and examine the same. This contention is not sustained by the evidence. In the examination of the jurors, counsel for appellee repeatedly asked questions based upon the assumption that the jury were to view the premises. After the jury were sworn the court asked who was to pay the expenses of the jury on their view of the premises. The attorney for appellee stated that he would ask counsel for appellant to pay half of the costs, whereupon counsel for appellant replied, "Why should I pay half? My client isn't asking the jury to view the premises." The attorney for appellee then said he would pay all of the expenses. While there may have been no direct request from appellee that the jury view the premises, it is apparent that it was its desire and intention that the jury do so, and the court was not in error in permitting such view.

Appellant contends that between October 21, 1927, the time the petition was filed, and March 4, 1930, the time of the trial, the condition of the premises had changed so that a view by the jury was prejudicial to appellant and the court was without power to permit such view. In eminent domain cases a view of the premises is required at the request of either party, and such view is in the nature of evidence and may be considered by the jury in making up their verdict. (*Sanitary District* v. *Johnson,* 343 Ill. 11.) A full discussion of the subject is found in *City of Chicago* v. *Koff,* 341 Ill. 520. There is evidence that the premises at the time of the trial were in about the same condition they were in at the time the petition was filed. Whether the evidence showed that the premises had deteriorated dur-

ing that period was a question which was properly argued to the jury by counsel on both sides.

A part of the sixth instruction given on behalf of appellee told the jury that they should not consider anything but the evidence introduced before them, their view of the premises and the law as laid down in the instructions. Appellant insists that this instruction was erroneous because it practically told the jury that the evidence and the view of the premises were to be given equal consideration. The instruction did not tell the jury that the evidence introduced on the trial ánd their view of the premises should be given equal consideration. When the instruction is considered as a whole it is apparent that its only purpose was to inform the jury as to the evidence to be considered by them in arriving at their verdict. In *Department of Public Works* v. *Griffin,* 305 Ill. 585, an instruction was approved which told the jury that their personal inspection of the premises was a part of the evidence and was to be considered as evidence in connection with the other testimony offered in the case. To the same effect is *Mauvaisterre Drainage District* v. *Wabash Railway Co.* 299 Ill. 299.

Complaint is made of the eighth instruction given on behalf of appellee, which told the jury that they should disregard a mere fanciful or speculative estimate of the value of the land made by any of the witnesses if they believed from the evidence that the values testified to by any of the witnesses were fanciful or speculative. This instruction did not refer to the credibility of any witness. It merely cautioned the jury against the consideration of evidence based upon improper elements. In *East St. Louis Light and Power Co.* v. *Cohen,* 333 Ill. 218, it was held that it was not error to give an instruction to the effect that in assessing the damages to land not taken the jury should not consider damages which are merely remote, imaginary, uncertain or speculative. In *Illinois Power and Light Corp.* v. *Peterson,* 322 Ill. 342, on page 349, it was said: "Only such opin-

ions as are based on evidence of lawful elements of damages can be of benefit to the jury in the assessment of damages. * * * The opinions of appellee's witnesses were largely founded upon a consideration of improper elements and should have been excluded, since they do not form a proper basis for a verdict." The eighth instruction was properly given.

Complaint is made of the refusal of the court to give certain instructions offered on behalf of appellant. Instruction "A," offered on behalf of appellant, told the jury that the information derived from their personal view of the premises was not to be considered as evidence in the case; that the purpose of the view was to enable them to better understand the issues and apply the evidence, and that they were not authorized to consider any fact bearing upon the merits of the controversy derived from such view unless supported by the evidence. In *Kankakee Park District* v. *Heidenreich,* 328 Ill. 198, an instruction was approved which in effect told the jury that they might consider their view of the premises in connection with other evidence. In *River Park District* v. *Brand,* 327 Ill. 294, an instruction was approved which told the jury that if they found from the evidence, including their view of the premises, that the buildings did not enhance the value of the property then they should allow no compensation for the buildings. It was there held that it was proper for the jury to consider the information they gained from their view of the premises, in connection with the other evidence in the record, in determining the questions of fact submitted to them. In *Illinois Power and Light Corp.* v. *Parks,* 322 Ill. 313, it was held that the view of the premises was in the nature of evidence. Instruction "A" was properly refused.

Instruction "B," offered on behalf of appellant, told the jury that the owner was entitled to the value of the property for the highest profitable use for which it was available; that the jury might consider a capacity of such

property for a future use which they believed from the evidence might be anticipated with reasonable certainty though dependent upon circumstances which might possibly never occur, if from the evidence the jury believed that such facts enhanced the market value of the property sought to be taken. Instruction "C" told the jury that the owner was not required to make any pecuniary sacrifice, and that the municipality should pay what the property was reasonably worth for its highest and best use. Both of these instructions stated correct rules of law, but there was no evidence on which to base instruction "B" and both instructions were covered by other instructions given. The witnesses on both sides agreed that the highest and best use to which the property was adaptable was for residential purposes, which was the purpose for which it was being used at the time the petition was filed. Appellant himself testified to this fact, therefore there was no error in refusing instruction "B." The subject matter of these instructions was covered by instruction 2 given on behalf of appellant, which told the jury that even if the property was not being put to its highest and most advantageous use, the compensation to be awarded must be for the highest and best value as shown by the evidence. Instruction 4 given on behalf of appellant told the jury that just compensation meant a full indemnity for the loss sustained by the owner—that is, the payment of such a sum as would make the owner whole, so that on the receipt of the compensation he would not be richer or poorer because his property had been taken.

Complaint is made of other instructions refused on behalf of appellant but it will not be necessary to consider them in detail.

V. K. Brown, a witness called on behalf of appellee, testified as to the population of the territory around the prospective park and the size, location and equipment of the various small parks under the jurisdiction of appellee. He

also testified how this proposed park was to be equipped with baths, swimming pools, lockers, playgrounds, etc. On cross-examination he stated that he did not know of any plan similar to the one he had described which was to be adopted by appellee, and that in such a park appellee had spent approximately $400,000 on buildings. He was asked if he knew of any official appropriation of $400,000 by appellee for the park in question. Objection was sustained to this question and the ruling is assigned as error. Brown was called as a witness by appellee on the issue as to the necessity for the acquisition of the land in question. He did not testify in chief as to objections 3, 5 and 8. Appellee did not ask him with reference to any appropriation, and the objection was properly sustained upon the ground that it was not proper cross-examination.

George F. Iliff, a witness for appellee who was a real estate agent, testified to a similar sale made by him in the vicinity for about $5000. He testified that he had no knowledge as to whether the owner who sold this property was compelled to sell. A motion was made by appellant to strike this evidence on the ground that it did not show that the sale was voluntary. In *Chicago and Western Indiana Railroad Co.* v. *Heidenreich, supra,* it was held that it was error to refuse to admit evidence of a sale of similar property where it appeared that an individual made the purchase for an undisclosed railroad company and there was no evidence that the sellers were subject to any influence compelling them to sell. In *City of Chicago* v. *Mullin,* 285 Ill. 296, it was contended that it was error to admit evidence of certain sales because they were not free sales on the open market. It was held that it was not error to admit such evidence—that such questions must of necessity rest very largely within the sound discretion of the trial court. The court properly refused to exclude this evidence.

Appellant attempted to prove by the witness Enright, a contractor and builder, what it would have cost to put the

building in first-class repair in October, 1927. An objection was sustained to this evidence and this ruling is assigned as error. The value of the property in this case was to be determined from its condition at the time of the filing of the petition. The cost of putting it in repair was immaterial, and the court did not err in rejecting such testimony. Enright also testified that the only time he saw the building was in March, 1930. He was asked whether he could tell from his experience as a contractor and from his examination at that time as to the condition of the building in 1927. An objection was properly sustained to this question because the witness had no basis for an answer. There was evidence from other witnesses who knew the condition of the building at the time the petition was filed, and the conjecture of this witness was immaterial.

Appellant insists that the verdict is against the weight of the evidence. The evidence shows that the premises were sold in 1923 by Boylan to Mont McGill under a contract for a deed reciting a consideration of $6250. At the time the contract was executed $200 was paid, $650 was to be paid on May 1, 1923, and the balance was to be paid at the rate of $50 and interest on the unpaid balance on the first day of each month. A deed was to be executed when $4250 had been paid. The contract was assigned several times and it finally became the property of appellant in February, 1926. Appellant testified he paid $1200 when the contract was assigned to him and a year later paid $1300. There is no evidence to show what was the balance due at the time of the assignment to appellant. The statement of payments on the reverse side of the contract is not in evidence. The two initial payments of appellant and his subsequent monthly payments made a total of $3100. Appellant testified to certain improvements made by him amounting to about $235. In addition thereto an alley adjoining the property was paved. There were five installments of $15 each, two of which are unpaid. There was

an assessment for widening a street, but the amount is not shown and some of the installments are unpaid. When appellant bought the premises he was receiving $20 a month for the basement flat, $30 a month for the top floor and he was occupying one room on the first floor. He was permitted to express his opinion that the value of the property was $7000. The amount which appellant had invested in the property at the time the petition was filed was substantially the amount of the verdict, or less. Cavaney, a witness for appellant, testified that the property was worth $6500. Iliff, a real estate agent who had sold other property in the neighborhood similarly situated, testified that in his opinion the property was worth $4750. McClellan, another witness for appellee who was in the real estate business in the vicinity and had sold property similarly situated, testified that in his opinion it was worth $4500. The verdict was for $4900. Damages awarded will not be disturbed unless the verdict is clearly and palpably against the weight of the evidence, and this is especially true where the jury viewed the premises. (*City of Chicago* v. *McGowan*, 324 Ill. 164; *City of Winchester* v. *Ring, supra; Public Service Co.* v. *Leatherbee*, 311 Ill. 505.) In this case the verdict is not against the manifest weight of the evidence.

We find no reversible error, and the judgment is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*