(No. 15003.—Reversed and remanded.)

THE EAST SIDE LEVEE AND SANITARY DISTRICT, Appellee,
*vs.* CHARLES JEROME, SR., *et al.* Appellants.

*Opinion filed February 21, 1923.*

1. EMINENT DOMAIN—*when tenants of leasehold are entitled to damages for land not taken.* Tenants of a leasehold which has thirteen years to run are entitled to damages not only for land taken but for the part not taken in the construction of a drainage canal, where the canal cuts off access to said part and there is evidence that the leasehold is worth more than the rental.

2. SAME—*when evidence of sale of other land is admissible.* In a condemnation proceeding, evidence of actual sales of land not involved in the proceeding is admissible to show the value of the land taken; but there must be a similarity in location, qualities and other elements of value, and the sales must be near enough in time to furnish a guide to the value of the property involved.

3. SAME—*extent to which court has discretion in admitting evidence of sales.* As no two pieces of land are exactly alike, the court, in a condemnation proceeding, has considerable discretion in admitting testimony of sales as indicating the value of the property involved, but the court is not authorized to admit evidence of sales having no tendency to prove the value of the land being taken.

4. SAME—*petitioner building drainage canal may reduce damages by proof of plan of construction.* A petitioner for condemnation may show to what extent property not taken will be damaged or benefited by particular conditions to be performed by it, and where land is to be taken for a drainage canal of a sanitary district, the district may pass a resolution showing the manner in which the work is to be constructed, and may offer the resolution in evidence to reduce the damages which might be assessed for property not taken if the plan of construction were not known.

5. SAME—*when it is prejudicial error to strike out evidence of method of construction.* Where a sanitary district seeking to condemn land for a drainage canal has introduced in evidence a resolution by the board of trustees and a stipulation by its attorney to the effect that a road will be furnished property owners to give them access by means of a bridge to the land cut off by the canal, it is error prejudicial to the defendant property owners and tenants to strike out such evidence after all the testimony has been taken and opinions and estimates have been based upon it.

306—37

APPEAL from the Circuit Court of St. Clair county; the Hon. J. F. GILLHAM, Judge, presiding.

TURNER, HOLDER & BULLINGTON, A. B. DAVIS, and T. A. O'CONNOR, for appellants.

J. L. FLANNIGEN, and D. J. SULLIVAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, the East Side Levee and Sanitary District, filed in the circuit court of St. Clair county its petition praying the court to ascertain the compensation to be paid to the appellants for the construction, maintenance and operation of a canal 15 feet deep, 55 feet wide at the bottom and 110 feet wide at the top, with levees on each side from 12 to 15 feet in height, and a strip of land 30 feet wide on the southeasterly side of the canal and the levee on that side, across the several tracts of the appellants. The canal was to run in a southwesterly direction to the Mississippi river, and the entire width of the land to be taken was 430 feet. The lands of the appellants were in what was known as the commonfields of Cahokia, and were severally known as lots 131, 139, 142 and 143. The appellants filed their cross-petitions alleging damages to their lands not taken, and the cases were tried together by a jury and compensation was awarded to the several owners and also damages to land not taken. A motion for a new trial was overruled and judgment entered on the verdict, from which this appeal was prosecuted.

Tract 139 contains 30 acres and the petitioner took 4.50 acres out of it, leaving 18.68 acres east of the proposed canal. The first complaint is that the jury did not allow to the tenants of tract 139 any damages for injury to their leasehold of the 18.68 acres not taken. The tract was owned by Frank Reinhardt and Zoe Reinhardt. The ten-

ants were George Reinhardt and Walter Reinhardt, who had a lease at an annual rental of $10 per acre for the whole tract, and the lease had thirteen years yet to run. This tract and the other lands of the defendants were adapted to truck farming and profitable for that use. They were located near East St. Louis and St. Louis and were all under cultivation. At the time of the trial they had on them crops of potatoes, cabbage, tomatoes, cucumbers, clover, alfalfa and sugar corn. The canal cutting the tract in two would cut off access to the land on the east side, resulting in substantial damage claimed by a cross-petition. The jury allowed to the owners $315 compensation for the 4.50 acres taken and damages to the 18.68 acres of $186.80 and allowed to the tenants $585 for land taken, which was the rental for the remaining portion of the term which the tenants would be required to pay, so that the total compensation for the 4.50 acres was at the rate of $200 per acre. There was evidence that the leasehold estate was worth more than the rental, and if that was so the tenants were entitled to damages both for land taken and land cut off. At any rate, the want of access to the 18.68 acres entitled them to damages. The answer made by counsel is that the compensation of $585 for the leasehold estate taken would be paid in cash and must be discounted to determine the present value, but that furnishes no guide to the manner in which the jury assessed the compensation. It is clear that the jury did not have the table in Puterbaugh's Chancery, page 954, from which counsel deduce the conclusion that the tenants were awarded a premium. The award does not correspond with any evidence in the case. There was no evidence whatever that the tenants would not suffer damage by destroying or injuring access to their land east of the canal.

It is next alleged as error that the court admitted incompetent testimony of Otto Schmesher that three years before the trial he bought land one and one-half miles distant from this land at $75 per acre. Schmesher testified

that the land he bought was what was called lake land and
had water on it, and some of it ran up on a bluff.  This
land was not of that character.  The reason for admitting
evidence of actual sales of land is that they tend to show
the value of the land being taken, but unless there is simi-
larity in location, quality and other elements of value and
a sale is near enough in time to furnish a guide to value a
sale cannot be proved.  As no two pieces of land are ex-
actly alike the court has considerable discretion in admit-
ting testimony of sales, but that does not mean that the
court is not to be governed by any rule but may admit evi-
dence of sales having no tendency to prove the value of the
land being taken.  This evidence was admitted in rebuttal
and was especially damaging.

The next proposition stated is that the court erred in
admitting in evidence a resolution of the petitioner and a
stipulation to furnish to the defendants a road 30 feet wide
on the easterly side of the east levee for access to the land
east of the canal.  On the examination of the first witness
(who was a civil engineer) testifying for the petitioner to
the character of the proposed work, the court admitted in
evidence a resolution of the board of directors of the peti-
tioner authorizing its attorney to stipulate that a road should
be furnished for the use of the defendants and a verbal
stipulation of the attorney that the petitioner would con-
struct a road on the east side of the canal which should
be free and open to use of the defendants for ingress and
egress to and from Millstadt road, where a bridge was to
be constructed to and upon their property and premises.
Thereafter the witnesses for the petitioner and all the wit-
nesses for the defendants were examined and gave their
opinions and estimates as to damages while the resolution
and stipulation were in evidence.  After all the evidence in
chief for the petitioner and all evidence for the defendants
had been heard, the court withdrew the resolution and stipu-
lation and instructed the jury not to regard them.  It is the

law that a petitioner may show to what extent property not taken will be damaged or benefited by particular conditions to be performed by it, and the petitioner had a right to pass the resolution for the purpose of showing the manner in which the work would be constructed and the effect in reducing damages by affording the defendants access to their lands and had a right to offer the resolution in evidence. (*Jacksonville and Savanna Railroad Co.* v. *Kidder,* 21 Ill. 131; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Mitchell,* 47 id. 165; *Hayes* v. *Ottawa, Oswego and Fox River Valley Railroad Co.* 54 id. 373; *Peoria and Rock Island Railway Co.* v. *Birkett,* 62 id. 332; *Chicago and Alton Railroad Co.* v. *Joliet, Lockport and Aurora Railway Co.* 105 id. 388; *Lyon* v. *Hammond and Blue Island Railroad Co.* 167 id. 527; *Smith* v. *Claussen Park Drainage District,* 229 id. 155.) The resolution authorized the attorney to stipulate for the road, and he could do this by making it a matter of record, to be enforced by the land owner who has been secured in that way by such record or by making the agreement a part of and condition of the judgment. No objection was made when the stipulation was offered and none is now made to the fact that it was verbal, but the resolution and stipulation were objected to as incompetent. The testimony having all been given while the resolution and stipulation were in evidence, the witnesses must have testified with reference to it and the jury have understood that the defendants would have a road 30 feet wide giving them access to their lands and that opinions and estimates were based on that fact. Material harm was done to the defendants by having the evidence based on the resolution and stipulation and then being deprived of their benefit by striking them out of the evidence.

There is argument that the compensation and damages allowed were not sufficient, but as the case will be tried again that question will not now be considered. It will be understood that the statements of counsel for petitioner in

examination of the jury, and his argument that the case was between the tax-payers of the district on one side and a bunch of farmers on the other side, and that a bunch of farmers had banded together to make the tax-payers give them a large sum of money, will not be repeated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*