(No. 25230.—

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.* CORA ECKHOFF *et al.* Appellants.

*Opinion filed October 13, 1939—Rehearing denied Dec. 7, 1939.*

DANIEL S. WENTWORTH, (GEORGE P. NOVAK, JOHN W. GORBY, JR., and LEON WEISS, of counsel,) for appellants.

GEORGE A. BASTA, and FRANK S. RIGHEIMER, (FRANK S. RIGHEIMER, JR., of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

A petition for condemnation was filed in the circuit court of Cook county, by the Forest Preserve District of Cook county, appellee, to take approximately 20 acres out of an 80-acre tract of land owned by appellants. A cross-petition for damages to land not taken was filed, but during the course of the trial it was conceded there were no damages to the land not taken, though the cross-petition was not withdrawn or dismissed.

The evidence shows the 80-acre tract is located near the southwest corner of Park Ridge; that Western avenue is one-half block east of said tract, with platted ground with buildings thereon, located between Western avenue and the property taken. The land in controversy is unplatted, but two sides abut upon property that has been subdivided. The tract is improved with a four-room dwelling and some outbuildings. About 15 acres of the land taken is tillable and has been rented for truck gardening, but the balance is wooded and a small stream runs through the property. Appellants claim its use as a subdivision is the highest and best purpose to which it is adapted. The verdict of the jury awarded $20,000 for the land taken, or approximately $1000 per acre.

Appellants assign as error proof made by the park district that it contemplated the construction of a road on the property taken that would afford access to the part not taken, and that such proof was made by secondary evidence. This objection was waived, not only because the record shows that no objection was made at the time the evidence was offered (*Illinois-Iowa Power Co.* v. *Guest,* 370 Ill. 160) but, also, by a statement of counsel that he was not going to object to the manner in which the proof was made because he knew appellee's counsel could properly establish it. However, assuming the waiver applies only to the secondary character of the evidence, it was, nevertheless, material to the issues involved. Where there is a cross-petition claim-

ing damages to land not taken, it is proper to show what use the corporation exercising the right of eminent domain intends to make out of the property so obtained. (*Jacksonville and Savanna Railroad Co.* v. *Kidder,* 21 Ill. 131; *Sanitary District of Rockford* v. *Johnson,* 343 id. 11.) A stipulation of the nature of the improvement intended was made into the record by counsel for the parties, which, in accordance with the ruling of this court in *Illinois and St. Louis Railroad Co.* v. *Switzer,* 117 Ill. 399, and *East Side Levee and Sanitary District* v. *Jerome,* 306 Ill. 577, would bind appellee to make the improvement as stipulated or become liable in damages. The cross-petition was not withdrawn and, therefore, it was not error for the court to receive this testimony and refuse to strike it upon motion of appellants.

It is also urged that the court permitted evidence of sales of property in the vicinity of appellants' land, without proof that they were voluntary in character. This objection applies to three of petitioner's witnesses. The record, however, shows that the sales in question were the result of negotiations between the parties, which ordinarily excludes the idea of an involuntary sale. A person may be compelled by force of circumstances to part with property which he might desire to hold, but involuntary sales imply compulsion under a decree, execution or something more than inability to pay up-keep charges. The admission of testimony of this character is largely a question of discretion for the trial court. (*South Park Comrs.* v. *Livingston,* 344 Ill. 368.) This objection is not made to the remaining sales proven by witnesses for appellee and hence cannot be raised here for the first time. *City of Mt. Olive* v. *Braje,* 366 Ill. 132.

Appellants also objected to testimony of other sales because it is claimed they did not involve similar property and were made at different periods of time. In regard to the degree of similarity which must exist between the property concerned of which proof is offered, and the property taken,

and the nearness in respect of time and distance, no general rule can be laid down; it is largely a matter of discretion for the trial court. (*King* v. *Manning,* 305 Ill. 31; *Forest Preserve District* v. *Kean,* 298 id. 37; *Forest Preserve District* v. *Wallace,* 299 id. 476.) The sales proven were all in the neighborhood of the property. The proof discloses wherein they are dissimilar in character and location from the tract taken. The appellants also made proof of sales in the neighborhood. These matters go to the weight and the value of the testimony and not to its competency. The trial court did not abuse its discretion in the admission of testimony of sales offered by appellee.

Appellants also object to the refusal of the court to give certain instructions offered by appellants. Instructions numbers 17 and 18, in effect, told the jury it had a right to take into consideration the prevailing economic conditions and their effect in depressing the present real estate market and that the market value meant market value under ordinary conditions and circumstances. The value of property taken for public use is fixed as of the time of filing the petition in eminent domain. (*City of Chicago* v. *Collin,* 302 Ill. 270; *City of Chicago* v. *Farwell,* 286 id. 415; *Department of Public Works* v. *McBride,* 338 id. 347.) One of the purposes of an eminent domain suit is to give the land owner an equal value, in money, for the land taken. If values are low at the time taken, he can replace the land at a lower cost than when the market is higher. The instructions offered would have authorized the jury to fix a value for the land taken as of a time different from the filing of the petition. Other jurisdictions have held such instructions improper. *Alishausky* v. *MacDonald,* 117 Conn. 138, 167 Atl. 96; *Blake* v. *United States,* 275 Fed. 861; *Chicago, K. & W. R. R. Co.* v. *Parsons,* 51 Kan. 408, 32 Pac. 1083.

Appellants' instruction number 19, in effect, told the jury that its view of the premises could not be considered as evidence, and that it was not authorized to consider any

fact bearing upon the merits of any controversy derived from the view unless supported by evidence. This instruction did not correctly state the law, as it is well settled that the jury is entitled to consider its view of the premises, together with all evidence in the case. *Illinois Iowa Power Co.* v. *Guest, supra; South Park Comrs.* v. *Livingston, supra; Sanitary District of Rockford* v. *Johnson, supra.*

There was no error in refusing these instructions tendered by appellants.

Objections were also made to the ruling of the trial court in refusing to permit appellants to introduce photographs of houses built upon subdivided property in different locations in the vicinity of appellants' land. In a petition to condemn unplatted property it is not proper to show the value property may have when subdivided into lots. (*Forest Preserve District* v. *Chilvers,* 344 Ill. 573.) Nor are photographs of other property admissible to show the possibilities of the property taken in a condemnation suit. (*Chicago and State Line Railway Co.* v. *Kline,* 220 Ill. 334.) It was not error to sustain objections to the introduction of such photographs.

It is finally urged that the verdict is against the weight of the evidence. The appellee's witnesses testified to values ranging from $600 to $650 per acre for the land taken. The testimony of appellants' witnesses ranged from $1500 to $2000 per acre. There is no contention that land not taken was damaged. The verdict was well within the range of the testimony introduced and we are not disposed to disturb it because the jury did not closely follow either the appellee's or appellants' evidence of value.

We find no error in the trial of the cause and the judgment of the circuit court of Cook county is, accordingly, affirmed.

*Judgment affirmed.*