(No. 26014.—

THE FOREST PRESERVE DISTRICT OF COOK COUNTY, Appellee, *vs.* JACOB FOLTA *et al.* Appellants.

*Opinion filed June 17, 1941—Rehearing denied September 10, 1941.*

George P. Latchford, Jr., for appellants.

George Basta, and Frank S. Righeimer, (Frank S. Righeimer, Jr., of counsel,) for appellee.

Mr. Justice Wilson delivered the opinion of the court:

Appellee, the Forest Preserve District of Cook county, filed a petition in the circuit court of Cook county on October 11, 1938, under the Eminent Domain act, to acquire by condemnation approximately three and one-third acres of land purchased by the appellants, Jacob Folta and Stella, his wife, in April, 1937, for $7800 cash. The jury awarded compensation of $13,000, and this appeal was prosecuted from the judgment entered upon the verdict.

The evidence discloses that the land sought to be taken is located twenty-two miles south of Chicago and immediately north of the town of Glenwood, in Cook county. It forms the northeast corner of Glenwood Road, a highway, on which it has a frontage of 242.05 feet, and Merrill avenue, a stone and gravel road. On the southeast corner is a combination grocery store and gasoline station. To the north on Glenwood Road is a ten and one-half-acre truck farm. Across Glenwood Road, a tavern and dance hall have been removed since 1938, and north of that location is a poultry farm. Thorn creek forms part of the northern boundary and cuts off one acre which is low land, subject to its overflow. Forest preserve property bounds the land on the northeast and southeast. Hourly bus service on Glenwood Road, and trains leaving from the town of Glenwood, furnish transportation to Chicago.

The property is improved with four buildings. Adjoining the highway near Merrill avenue is a one-story frame structure thirty feet square, described as being between twelve and thirty years old, used as a tavern and restaurant by appellants. It has a cement block basement, and, on the ground floor, a barroom, kitchen, wash room, and space

for table service. To the east of this building, on Merrill avenue, is a frame bungalow with shingle siding, thirty-four by forty-four feet, which is twelve to fifteen years old. It has a front and rear porch, a concrete driveway to a basement garage, seven rooms and a bathroom on the first floor, and an attic finished off as a single room. Heat is furnished by a hot air furnace. North of the bungalow lies a stove-heated, one-story frame cottage, thirty to fifty years of age, containing five rooms and a bathroom, but no basement. A two-car garage with a cement floor stands about 100 feet to the east. The adjoining town of Glenwood has no water or sewage facilities. Water is supplied, by a motor driven pump, from a deep well on the premises to the tavern, bungalow and cottage, and each has its own septic tank. All of the buildings have electric lighting. Approximately one hundred fifteen oak trees are well spaced on the property.

The appellants purchased the property in question from the Amersec Realty Corporation, a corporation organized to liquidate properties. The vice-president of this company testified on behalf of petitioner that efforts had been made for approximately two years to sell the tract in question. That an offer from appellants of $8000 upon term payments was refused, but the sale was subsequently consummated for $7800 in cash. The appellants' broker, one Klyczek, testified on behalf of the appellants that the corporation which sold his client the property had asked $12,500 for it originally, but that the sale was finally completed for $7800. This witness testified, further, that the property had been in bad condition and in need of reconditioning, but that this condition has since been improved, and that, in his opinion, the property was worth approximately $25,000.

Milton Hart, an attorney, testified for appellee that on August 1, 1938, he sold a ten-acre tract, with a frontage of 1008 feet on Glenwood Road, lying to the north of, and

adjoining the property to be taken; that this tract, used as a farm, was improved with a four-room frame house not over sixty years old, around which were fifteen or twenty trees, and had two barns, of which one was old and the other in fairly good condition; that the house contained no plumbing facilities, and that water was furnished by pumps in the kitchen and yard. The witness stated that the sale price was $3500, upon terms of $3000 cash and a $500 mortgage, payable in six months.

The jury visited and inspected the premises to be taken. The appellee presented the testimony of three expert real estate brokers and appraisers, two of whom expressed the opinion that the property to be taken had a fair cash market value of $8500 in October, 1938, and the third estimated it at $8000. Appellants called four expert real estate brokers and appraisers, one of whom placed the fair cash market value on October 11, 1938, at $23,000, another estimating it at $23,800, and the third being of the opinion that it was worth $24,300. The fourth witness, Henry George Slavik, who had examined the property with four other appraisers in 1937 and had not seen it since, testified that, having been served with a *subpoena* on the morning of the trial, he had not had an opportunity to refresh his memory concerning the location, details or procedure of the appraisal. In his recollection, the property was one and one-half miles from the limits of Glenwood. Slavik expressed the opinion that the fair cash market value was $26,150.

Stella Folta, one of the appellants, testified that, after the purchase of the property, missing upright joists were replaced in the bungalow in order to make the floor level; that the furnace had been fixed and large holes in the plastering filled; and that six coats of paint on the outside proved insufficient. In addition, she stated, a new wall had been built between the living and dining room, new carpet and linoleum laid, and the woodwork varnished. The witness further testified that the garage had been raised, old

wood replaced, and a new roof and doors added; that the cottage had been painted inside and out, its roof patched and walls plastered, and that a bathroom had been built into it. The septic tanks, Mrs. Folta testified, were rebuilt, and the water well, pump and driveway were reconditioned.

The appellants contend that the 1937 sale of the property in question was not voluntary because made in the course of liquidation, and that testimony concerning its sale price should not have been admitted. The question whether sales of property are voluntarily made and, therefore, admissible, rests largely within the discretion of the trial court. (*South Park Comrs.* v. *Livingston,* 344 Ill. 368.) An involuntary sale implies an element of compulsion, which is lacking when, as here, the property is offered upon the open market and sale results from negotiations and bargaining extending over a period of time. (*Forest Preserve District* v. *Eckhoff,* 372 Ill. 391; *Forest Preserve District* v. *Dearlove,* 337 id. 555.) Appellants further contend that this testimony was not admissible because subsequent reconditioning and improvements changed the value and rendered the property dissimilar. Likewise, the testimony of Milton Hart is contested upon the ground that the property which he sold differs too greatly from the land here in question. The degree of similarity required between property to be taken and other tracts of land shown in evidence cannot be governed by any fixed rule, but the admissibility of such testimony must, in each instance, be determined by the trial judge, within the proper limits of his discretion. (*Forest Preserve District* v. *Wallace,* 299 Ill. 476; *Forest Preserve District* v. *Barchard,* 293 id. 556.) Where, as in each of the foregoing instances, a reasonable basis for comparison exists, the dissimilarities, which are disclosed to the jury, affect the weight and value of the testimony rather than its competency. (*Forest Preserve District* v. *Eckhoff, supra; Forest Preserve District* v. *Kean,* 298 Ill. 37.) The jury had inspected the premises,

and could not have been misled by the challenged testimony. The trial court acted within its sound discretion in admitting proof of these sales in evidence.

The refusal of the trial judge to give an instruction offered by appellants is assigned as error. This instruction informed the jury that "you are not obliged to rely wholly upon the opinion of the witnesses as to the value of the property but that in connection with such opinions and all the other evidence in the case, including your view of the premises, you may use and be guided by your own judgment on such matters even though it may differ from the amount testified to by the opinion witnesses." An instruction which affords the jury a basis for the belief that compensation may be fixed solely upon the inspection of the premises and in disregard of the testimony of the expert witnesses is misleading, and the quoted instruction is susceptible to this interpretation. (*Herrin and Southern Railroad Co.* v. *Nolte,* 243 Ill. 594; *South Park Comrs.* v. *Ayer,* 237 id. 211; *Chicago and State Line Railway Co.* v. *Mines,* 221 id. 448.) Where the estimates of expert witnesses as to values are conflicting, the jury may resort to an inspection of the premises in order to determine the weight of each opinion, but the verdict will not be sustained, unless it is within the range of the values expressed by the witnesses. (*Peoria Gas Light and Coke Co.* v. *Peoria Terminal Railway Co.* 146 Ill. 372.) The instructions given properly informed the jury of the rule that the results of a personal view of the premises in condemnation proceedings are in the nature of evidence, to be taken into consideration with all the other evidence presented. *Illinois Iowa Power Co.* v. *Guest,* 370 Ill. 160.

Contention is made that the verdict is contrary to the weight of the evidence. Where the evidence in a condemnation proceeding is conflicting, and the jury, after viewing the premises, awards compensation within the range of the evidence, the verdict ordinarily will not be disturbed.

(*Department of Public Works* v. *Legg,* 374 Ill. 306; *Illinois Iowa Power Co.* v. *Guest, supra; Lanquist* v. *City of Chicago,* 200 Ill. 69.) The compensation fixed by the verdict, while less than the value estimated by the witnesses for appellants, is considerably higher than the amount suggested as proper by appellee's witnesses, and we find no error of law that might have misled the jury, nor anything in the record to suggest that the verdict is the result of passion or prejudice.

The final contention of appellants is that the court erred in striking an affidavit of counsel, offered in support of the motion for a new trial. It was represented therein that, upon the request of appellee, Henry George Slavik and three other experts, at a date not disclosed, had appraised the property here involved at $26,150, and that appellee thereupon offered appellants $15,000 before filing its petition, but that they had refused the offer. Upon the trial this evidence had been denied admission, and its refusal has not been assigned as error. In addition, the affiant referred to another condemnation proceeding, wherein he represented the owner of the property condemned, and recited testimony given therein by Milton Hart, which was almost identical with his testimony in the present case. The affidavit was properly stricken, since it contained no competent evidence, not already produced, which was not either known to counsel, or discoverable upon the exercise of reasonable diligence prior to or during the trial. *Farrell* v. *West Chicago Park Comrs.* 182 Ill. 250; *Dyk* v. *De-Young,* 133 id. 82.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*