235 F.2d 864
 98 U.S.App.D.C. 367
 DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, Appellant,
v.
61 PARCELS OF LAND IN SQUARES 585, 586, 643 and E-643, IN
The DISTRICT OF COLUMBIA, Thomas A. White, et al.,
and Unknown Owners, Appellees.
DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, Appellant,
v.
47 PARCELS OF LAND IN SQUARES 538 and 583 IN The DISTRICT OF
COLUMBIA, Angela Brosnan, et al., and Unknown
Owners, Zion Baptist Church, Inc., et
al., Appellees.
 Nos. 13144, 13198.
 United States Court of Appeals District of Columbia Circuit.
 Argued June 22, 1956.
Decided July 26, 1956.
 
 [98 U.S.App.D.C. 368] Mr. Roger P. Marquis, Atty., Dept. of Justice, for appellant.
 Mr. Everett M. Raffel, Washington, D.C., for appellees, Harrington and Rollins.
 Mr. James C. Wilkes, Jr., Washington, D.C., for appellee, Staley and others.
 Mr. John L. Laskey, Washington, D.C., for appellees, Zion Baptist Church, Inc., and Trustees of said Church.
 Before BAZELON, FAHY and BASTIAN, Circuit Judges.
 FAHY, Circuit Judge.
 
 
 1
 These appeals, which we have consolidated for purposes of our decision, are from judgments approving jury verdicts for money for certain parcels of land taken by eminent domain by the District of Columbia Redevelopment Land Agency, the appellant.[1] The judgments are attacked by the Agency on the ground the District Court erred in excluding evidence offered by the Agency of sales of comparable parcels. The exclusion is defended by appellees upon the basis of Hannan v. United States, 76 U.S.App.D.C. 118, 131 F.2d 441, 442; that is, appellees contend that the witnesses did not 'qualify' the excluded testimony by showing preliminarily that the sales were made without 'compulsion, coercion or compromise,' language taken from Hannan.
 
 
 2
 In Hannan this court did not feel called upon to define the expressions 'compulsion, coercion or compromise.' The case arose out of a condemnation proceeding by the United States. The rejected evidence had been tendered by appellants there to show prices the United States had paid, following negotiation and purchase, for parcels other than those of appellants, but which also constituted part of the site being obtained for public purposes. It may well be the court felt no need for elaboration of the meaning of the expressions referred to, for there was a second ground for the decision, namely, that the reception of evidence of other purchases or sales 'calls for the exercise of discretion by the trial court', and no abuse of discretion was found in rejecting the evidence. That there is such a discretion is well settled. In addition to Hannan and the authorities there cited see Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892, 894-895; Baetjer v. United States, 1 Cir., 143 F.2d 391, 397, certiorari denied, 323 U.S. 772, 65 S.Ct. 131, 89 L.Ed. 618; United States v. 5139.5 Acres of Land, 4 Cir., 200 F.2d 659. In Baetjer this discretion is discussed in terms of nearness in time, similarity of lands, amount of lands involved and like aspects of remoteness or comparability.
 
 
 3
 In view of the importance of the main contention in the present cases we now determine more specifically the type of compulsion, coercion, or compromise which must be rebutted by the one offering evidence of previous sales preliminarily to reception by the court of such evidence. A comparable sale was not under compulsion, coercion, or compromise in this sense if the witness testifies, or if it is otherwise shown, that the public records do not disclose that the sale was at foreclosure, under deed of trust securing an indebtedness, at execution or attachment, at auction, under pressure of the exercise of the power of eminent domain, or other coercion sui generis-- types of legal compulsion generally disclosed [98 U.S.App.D.C. 369] by public records.[2] There need be no showing of the non-existence of, or the nature of, the varied and variable economic reasons or motivations which might have moved the parties concerned to resort to the open market to dispose of property or to sell by private negotiation. Such considerations or pressures go to weight and not to admissibility, and may be developed, if desired, on cross examination or by independent evidence. As stated by the Court of Appeals for the First Circuit in Baetjer:
 
 
 4
 'If the sales were not what they appear to have been, transactions at arm's length, that is a matter for cross examination or rebuttal evidence. Only sales on foreclosure and similar forced transactions not on the open market are without probative force as a matter of law. The motivation behind other transactions can be shown, but only as affecting weight, not admissibility.' 143 F.2d at page 397.
 
 
 5
 To like effect, see, United States v. 5139.5 Acres of Land, supra; City of Chicago v. Vaccaro, 408 Ill. 587, 600, 97 N.E.2d 766, 773; Forest Preserve Dist. of Cook County v. Eckhoff, 372 Ill. 391, 394, 24 N.E.2d 52, 54.
 
 
 6
 In further exposition of the problem we hold that an expert on values may explain to the jury, as a basis for his opinion of the value of the property being taken by eminent domain, information he has obtained about other sales, including prices, though he was not a personal participant in the transactions and did not have personal knowledge of the prices or other circumstances or details of them. The admission of such testimony will be subject to the discretion of the trial court, not only as to questions concerning comparability or remoteness, but also as to whether the expert's sources of information are reliable enough to warrant a relaxation of the rule against hearsay evidence. We agree with the treatment of the problem by the Fourth Circuit in United States v. 5139.5 Acres of Land, in part as follows (200 F.2d 661):
 
 
 7
 'One of the witnesses for the government who had testified as an expert was asked as to sales of similar lands in the community near the time of the condemnation which he had taken into consideration in arriving at his estimate of value. He proposed to testify as to a number of sales which he had learned of in his investigation and which he had verified by examination of the land records in the county. This testimony was excluded because the records were not produced or the persons who had participated in the sales called as witnesses. This, we think, was error. While the admission of testimony of this sort was a matter very largely within the sound discretion of the trial judge, the exclusion here rested, not upon a sound exercise of that discretion, but upon an erroneous application of the hearsay and best evidence rules. The witness within reasonable bounds should have been allowed to give the jury the facts upon which his opinion as to value was based; and it would unduly hamper the production of such testimony and needlessly prolong the trial to require that the sales be proved with the particularity that would be necessary in suits to enforce the contracts relating thereto. The hearsay and best evidence rules are important, but they should not be applied to prevent an expert witness giving in a reasonable way the basis of his opinion. As said by this court in United States v. 25.406 Acres of Land, 4 Cir., 172 F.2d 990, 993, certiorari denied 337 U.S. 931, 69 S.Ct. 1496, 93 L.Ed. 1738, 'Testimony as to value would be worth [98 U.S.App.D.C. 370] little or nothing, if witnesses were not allowed to explain to the jury their qualifications as experts and the reasoning by which they have arrived at the expert opinion to which they testify; and the rule is that they may thus give the grounds of their opinions. Wigmore on Evidence 2d Ed. sec. 562; Lewis, Eminent Domain 3d ed. Sec. 654."
 
 
 8
 See, also, International Paper Co. v. United States, 5 Cir., 227 F.2d 201, 208-209.
 
 
 9
 Applying the principles above discussed to the present appeals we find no reason for reversal. The testimony excluded did not preliminarily qualify under the Hannan decision as we now interpret it. A fortiori it did not qualify under any broader construction of that decision which might have been thought proper. Furthermore, the offers of evidence were incomplete in failing to disclose the prices involved in the other sales so as to enable a reviewing court to pass upon the importance of the excluded evidence in light of the evidence as a whole.
 
 
 10
 We find no error in any respect which requires reversal and the judgments accordingly are
 
 
 11
 Affirmed.
 
 
 
 [1]
 For early judicial history of the Agency itself, see Schneider v. District of Columbia, D.C.D.C., 117 F.Supp. 705, affirmed as modified sub nom. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27
 
 
 [2]
 Of course if the witness has personal knowledge of compulsion, coercion or compromise as we define those terms in this opinion, he must disclose it, without regard to the state of the public records