**LEEAYE, INC., and Dominic F. Antonelli, Jr., Appellants,**

v.

**DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, Appellee.**

**No. 16372.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 24, 1961.

Decided Nov. 16, 1961.

---

square foot. The appellants, as owners, offered the testimony of their experts that the land was worth $52,930, calculated at $5 per square foot. The expert opinion of the witnesses rested in part upon sales, evidence as to which was received. The sole question presented for our consideration involves a ruling which excluded testimony as to certain other sales, said to be comparable.

The appellants' appraisers testified as to various sales in the general vicinity of the condemned land. In each instance the price as testified ranged from $4.80 per square foot up to $5, to $6.40 and even to $12.85 per square foot. With appellants' expert, Mr. Owen, on the stand the following occurred:

> "Q. Have you finished the sales you think are comparable? A. Except in other parts of the city. I have sales in other parts of the city of second commercial zoned; but these are all in the Southwest.
>
> "Q. Using the comparable sales method, what do you believe was the fair market value of this property in 1959? A. $5 a square foot, or $52,930."

Also utilized was a fair market value for the site if the erection of an apartment house were taken as the highest and best use of the property, on which basis the land was said to have a valuation of $52,930.[2]

The Agency's complaint was filed July 28, 1959. The jury heard evidence from the Agency's expert that the appellant Leeaye, Inc. had acquired one of the three parcels on October 20, 1958 for $15,000, with a deferred purchase money trust for $14,900. There was further evidence that appellant Leeaye, Inc. on December 13, 1957, had acquired the second of the three parcels for a consideration of $8,700, with a deferred purchase money trust for $8,690. The jury was permitted to view the premises, located about

Mr. John J. Sexton, Washington, D. C., for appellants.

Miss Elizabeth Dudley, Attorney, Department of Justice, of the bar of the Supreme Court of Tennessee, pro hac vice, by special leave of court, with whom Asst. Atty. Gen. Ramsey Clark, and Mr. Roger P. Marquis, Attorney, Department of Justice, were on the brief, for appellee. Mr. George S. Swarth, Attorney, Department of Justice, also entered an appearance for appellee.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

The District of Columbia Redevelopment Land Agency[1] by eminent domain took three adjoining parcels of land for which the jury awarded $42,500 as just compensation, calculated at $4 per

---

1. Background as to the redevelopment program may be seen in Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954).

2. No apartment house had there been erected at any time, indeed the land seems to have been used as a parking lot since about 1942.

a block from the 4-track elevated main line railroad right-of-way as it enters the city.

Such, briefly, was the background for the ruling complained of. The judge excluded evidence of sales which he deemed not "comparable." For example, appellants' witness Doyle intimated his intention to cite the sale of land for the Teamsters Union building located at North Capitol, Louisiana Avenue and D Streets, N. W., facing the Capitol Plaza, the Capitol, the Supreme Court Building, the Senate Office Buildings and the adjacent highly desirable area. We "might almost take judicial notice, as of a geographical fact of general notoriety,"[3] that sales of property, the evidence as to which was excluded, are simply not "comparable" to sales of property in Southwest. The deteriorated condition of the latter area, the widespread dilapidation of many buildings there, and the generally blighted environs had given rise to the entire program of redevelopment now in process under the direction of the Agency.

We are persuaded not only that the trial judge had not here abused his discretion, but the appellants were not

prejudiced. Their experts testified that the land was worth $52,930, or $5 per square foot. Appellants made no proffer as to what prices were involved in the other sales they sought to show.[4] They presented no demonstration either to the trial court[5] or to us as to how the excluded testimony could have enhanced the award to the appellants where there was already ample evidence of a valuation of $5 per square foot if the jury had chosen to accept it.[6]

It may be noted that we fail to share appellants' estimate of the importance of the questioned ruling. It was clearly within the province of the jury to weigh the conflicting evidence. The jury saw and heard the witnesses and reached a valuation which was not inconsistent with that evidence. Moreover, the jury viewed the premises, not only those belonging to these appellants, but those otherwise involved in the same condemnation proceedings as to which no appeal has been taken. On this record, we are bound by the jury's determination.[7]

We are satisfied that no reversible error has been shown.

Affirmed.

3. As we said in Loughran v. United States, 62 App.D.C. 57, 59, 64 F.2d 555, 557 (1933). Property within even a block or two of the Supreme Court may readily have a different value from that across the park, and much more certainly, the latter may readily differ in value from the land in suit. There was no proffer as to how the excluded sales involved land comparable to the condemned premises, located at 419, 421 and 423 First Street, Southwest.

4. We previously pointed out on an appeal by the Agency that offers of evidence were incomplete when prices were not disclosed "so as to enable a reviewing court to pass upon the importance of the excluded evidence in light of the evidence as a whole." District of Columbia Redevelopment Land Agency v. 61 Parcels of Land, 98 U.S.App.D.C. 367, 370, 235 F.2d 864, 867 (1956).

5. Cf. Sorrels v. Alexander, 79 U.S.App. D.C. 112, 142 F.2d 769 (1944).

6. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 628, 64 S.Ct. 724, 88 L.Ed. 967 (1944). If it be appellants' contention only that the opinions of their experts would have been bolstered, it may be noted that the Agency conceded the qualifications of the witness Owen. We have seen no challenge to the qualifications of the witness Doyle.

7. Murray v. United States, 76 U.S.App. D.C. 179, 181, 130 F.2d 442, 444 (1942).