(No. 37154.—)

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *vs.* THE FIRST NATIONAL BANK OF HIGHLAND PARK *et al.,* Appellees.—(MENONI & MOCOGNI, INC., *et al.,* Appellants.)

*Opinion filed November 30, 1962.*

JACK BAIRSTOW, of Waukegan, (GEORGE B. COLLINS, of counsel,) for appellants.

FRANK M. DALY and NELLO ORI, of Waukegan, (FRANK S. RIGHEIMER, JR., of counsel,) for appellee First National Bank of Highland Park.

WILLIAM G. CLARK, Attorney General, of Springfield, (HAROLD G. ANDREWS, Special Assistant Attorney General, of counsel,) for appellee Department of Public Works.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Lake County in an eminent domain case. The judgment

fixed the compensation for the property taken and the damage to the remainder of the tract not taken, and this court has jurisdiction upon direct appeal under section 12 of the Eminent Domain Act. Ill. Rev. Stat. 1961, chap. 47, par. 12.

The property in question is located at the northwest corner of the intersection of Highway 41 and West Park Avenue in Highland Park, and the Department sought to acquire it in connection with the separation of the grades at the intersection. The Department's petition for "quick taking" under section 2.1 of the act was allowed, the statutory deposit was made, and thereafter a jury was impaneled to determine the value of the property taken and the damage to the remainder. The trial proceeded in the normal way until it was discovered that the Department's petition did not accurately describe the property that the Department sought to acquire. When that discovery was made the trial was interrupted for a conference between the attorneys, and thereafter the proceedings occurred which give rise to this appeal.

The controversy in this court is between the owner of the property, the First National Bank of Highland Park, as trustee, and the two tenants who occupied it, Menoni & Mocogni, a building materials concern, and Dealer's Ready Mix, a ready-mix cement company. Facilities of the tenants were located both on the portion of the property that was taken and on the remainder of the tract, and the dispute concerns the apportionment of the award between the lessor and the lessees. The lessor contends that this issue was adjudicated, and that it was properly determined that the lessees were not entitled to any part of the award. The lessees contend that questions as to the apportionment of the award between the lessor and the lessees were not properly before the court upon the pleadings or otherwise.

After the error in the description of the property was discovered, there was a conference between the attorneys at

which it was stipulated that the total compensation would be $62,000, and that the Department would put on one additional witness who would testify to that figure. Nothing was said in the stipulation as to the division of the $62,000 between the value of the property taken and the damage to the remainder. The assistant Attorney General stated: "The matter will then proceed as to apportionment of the worth between the landlord and the lessees for which the petitioner has no interest." It was agreed that no testimony would be offered by any party as to a valuation in excess of $62,000 and the trial judge stated: "Now, the remaining issues are strictly between lessees and the owner of the fee."

When the Department's witness testified, however, he fixed the value of the land taken at $56,650 and allocated the sum of $5,350 as damages to the remainder. The attorney for the lessees then cross-examined him as to the condition of the premises at the time of the taking as compared to their condition at the time of the trial. The lessor did not cross-examine this witness, nor did it call any witnesses. The lessees called one witness who attempted to testify concerning the improvements to the part of the tract that was taken and the value of the remainder. The lessor then cross-examined this witness regarding certain letters which were not offered in evidence. A second scheduled witness for the lessees was not called although the trial was continued one day to enable the attorneys for the lessees to get in touch with him.

Proofs were closed, and the trial judge directed the entry of three verdicts, the first of which awarded $56,650 for the property taken, and $5,350 as damages to the remainder. At the request of the lessor the jury was also instructed to return verdicts finding that the lessees were entitled to no portion of the award.

Judgment was entered upon the first of these directed verdicts. It fixed the value of the property taken at $56,650,

and the damage to the remainder at $5,350, and it directed that these amounts be paid "to the owner or owners of, and party or parties interested in" the property. This is the form of judgment customarily used when the question of allocation between landlord and tenant is reserved for subsequent determination in accordance with section 14 of the Eminent Domain Act. (Ill. Rev. Stat. 1961, chap. 47, par. 14.) No judgment was entered upon the directed verdicts finding that the lessees had no interest in the awards.

No issue as to apportionment between lessor and lessees had been formally made upon the pleadings and no such issue existed at the outset of the trial when the court stated to the jury: "The sole issue in the trial for you to determine is the just sum of money for the part acquired and determination of damages, if any, to the remainder." To establish that the matter of apportionment of the award was nevertheless actually tried and determined, the lessor relies upon the statements by the assistant Attorney General and trial judge when the overall compensation was agreed upon. These particular statements do indeed support its position, but they must be evaluated in the light of the entire record. Other circumstances, at least equally persuasive, look the other way. The assistant Attorney General took an active part in that portion of the trial that followed the stipulation. This conduct was inconsistent with any notion that what was being determined was the question of apportionment between the lessor and lessees, for in that question the Department had no interest whatsoever. Moreover, the lessees' cross-examination of the Department's witness and the testimony of lessees' only witness were consistent with an attack upon the allocation of the stipulated total as between value of property taken and damage to the remainder. That allocation was not covered by the stipulation, and it could have had an important bearing upon any subsequent apportionment of the award. Finally, the fact is that the judgment actually entered by the trial court did not deter-

mine the apportionment of the award between lessor and lessees.

While the record is not entirely clear, we think that the trial court properly refrained, in the judgment that was entered, from making any apportionment between the lessor and the lessees.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*