Joseph Jurek and June Jurek, Plaintiffs-Appellants, v. Bernard G. Smuczynski and Louis F. Kamykowski, Defendants-Appellees.

**Gen. No. 50,178.**

First District, First Division.

July 30, 1965.

Dario A. Garibaldi, of Chicago Heights, for appellants.

Posanski, Johannsen, Krohn & Jacobs, of Chicago, for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Plaintiffs appeal from a judgment entered in favor of the defendants in an action to quiet title to certain real estate.

The matter was submitted to the court on a stipulation of facts, evidence depositions and exhibits. No question is raised as to any of the facts in the case.

The chronology of the events is as follows: Regina Jurek, on May 22, 1957, executed a quit claim deed to plaintiffs, Joseph Jurek, a son, and June Jurek, his wife, to the real estate in question, which deed plaintiffs did not record until some time after Regina's death and after certain proceedings in the probate court were had. Regina died on September 7, 1960. A daughter qualified as executrix under her will.

The will executed August 31, 1958 devised and bequeathed all her estate, real, personal and mixed, to her eight children in equal shares. It also provided that "[i]n the case of my son, Joseph, I state that he has no claim against my estate other than the above

devise and legacy because he has received advances from me and has collected rents from my buildings."

An inventory duly filed in probate designated as the only assets, two parcels of real estate one of which comprises the real estate described in said quit claim deed. Thereafter, the executrix filed a "Statement of Condition of Estate" disclosing claims allowed and anticipated expenses of administration and that there were no personal assets with which to pay these debts. On May 22, 1961 she filed a petition for leave to sell the parcel heretofore described to pay the debts. Summons in connection with said petition issued and Joseph Jurek was served personally on August 1, 1961. June Jurek was served by publication. No answer or appearance was filed by them. On May 11, 1962, after proper advertisement, the property was struck off to the defendants as the highest bidders and they deposited the required 10% of the purchase price with the executrix.

Defendants, employers of Joseph Jurek and acquaintances of long standing, sought access to the property and on May 13, 1962, two days after their successful bid, had a conversation with plaintiffs at their home during which the property was discussed and defendants then asked whether Joseph was going to give them trouble. He said the property belonged to him because "I have a deed." On May 15, 1962 defendants deposited the balance of their bid money. The following day a report of the said sale was filed in the probate estate. Thereafter, on May 21, 1962, plaintiffs caused the said quit claim deed to be recorded. On May 28, 1962 the probate court entered an order approving the sale. On June 21, 1962 the executrix issued her deed conveying the property to defendants which deed was recorded July 3, 1962.

Plaintiffs, on August 16, 1962, filed the instant action in the circuit court to void the deed of the

executrix and to order the same cancelled of record. After the cause was submitted to the court the complaint and cause of action were dismissed for want of equity.

In their evidence depositions plaintiffs testified that the quit claim deed, when executed on May 22, 1957, was given to their attorney for recordation and although he assured them it had been recorded, it was not in fact put of record until they did so on May 21, 1962. They said many people in the neighborhood had knowledge of the execution of the quit claim deed. When served with process in connection with the executrix' petition to sell the real estate, plaintiffs stated that they consulted the same attorney who informed them that they had nothing to worry about inasmuch as Joseph had the deed. Therefore, they made no appearance in the probate proceedings.

It is plaintiffs' contention that they had title and ownership to the property as of the date of their quit claim deed on May 22, 1957 regardless of recording the same except as to bona fide purchasers for value without notice; that the probate court sale was effective on May 22, 1962 when approved by the court; that defendants having been informed of the quit claim deed on May 13, 1962, therefore were not bona fide purchasers without notice. Plaintiffs further argue that the probate court's sale was void because it could sell only property owned by the decedent at the time of her death, and that the real estate involved was not her property after the execution of said quit claim deed.

Defendants say that the probate proceedings effectively gave them title and stands final and unappealable, and that plaintiffs are estopped by their conduct from attacking this title in a collateral proceeding.

430

■ ■ Plaintiffs' action in the circuit court was a collateral attack upon the final decree of the probate court authorizing the sale and issuance of the deed to defendant. If that court lacked jurisdiction of the parties or of the subject matter, or lacked the inherent power to make or enter that particular decree, the decree is void and may be attacked at any time or in any court either directly or collaterally. Barnard v. Michael, 392 Ill 130, 63 NE2d 858 (1945).

■ ■ The probate court did have the inherent power to enter the particular decree. Proceedings to sell real estate to pay debts of a decedent are within the jurisdiction of the probate court. "When there is insufficient personal estate to pay expenses of administration, claims against the estate, or legacies expressly or impliedly charged by the decedent's will upon his real estate, the executor or administrator by leave of the Probate Court and upon such terms as the court directs, may sell or mortgage for those purposes real estate or interest therein to which the decedent had claim or title; . . ." (Ill Rev Stats 1963, c 3, § 225). It is further provided by section 234 (Ill Rev Stats 1963, c 3, § 234) as follows:

Power of Court. In any proceeding to sell or mortgage the court may:

(a) investigate and determine all questions of conflicting and controverted titles arising between any of the parties, remove clouds from any title or interest involved therein, and invest mortgagees or purchasers with a good and indefeasible title to the property sold or mortgaged;

(b) direct the sale or mortgage of the property free of all mortgage, judgment or other liens that are due, provide for the satisfaction of all those liens out of the proceeds of the sale or mortgage,

431

> and settle and adjust all equities and all questions of priority between all parties interested.

The probate court had jurisdiction of the parties by proper process and so decreed. This is not disputed.

██ The property in question was fully and correctly described in detail in the petition to sell and in the decree authorizing and approving the same. The title of record was in the decedent and was inventoried in the estate. Joseph Jurek never questioned the inventory although he was heir and devisee therein and, it may be presumed, had notice thereof. He neither admits nor denies this on appeal. Plaintiffs do not deny having knowledge or that they should have had knowledge of the allegations of the petition to sell or the decree authorizing the sale. It was, therefore, the duty of the executrix to inventory this property or be derelict in her obligation to the court under the circumstances.

██ The record indicates that neither the court nor the executrix was apprised of any interest the plaintiffs might have had in the real estate. Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong. Walton v. Albers, 380 Ill 423, 44 NE2d 145 (1942). The probate court had jurisdiction of the parties and of the subject matter, the estate of decedent, and had statutory authority to decree a sale of the real estate. In the exercise of its authority the court violated no statutory provision prohibiting it from doing the particular act of which complaint is here made.

██ It does not appear from the record before us that there was any error importing voidness to the proceedings in the probate court from the state of the record as it existed there, which consisted of the pleadings, process and decree. In our opinion the probate

court had jurisdiction to proceed in the manner here indicated. The final decree was not void and therefore could not be attacked collaterally.

██ ██ The existing situation was brought about by plaintiffs and could have been avoided by their placing the quit claim deed of record and giving notice to the world of their claim. Estoppel to assert an interest in the real estate may arise from silence as well as words. It may arise where there is a duty to speak and the party on whom the duty rests has an opportunity to speak and, knowing the circumstances, keeps silent. It is the duty of a person having a right, and seeing another about to commit an act infringing upon it, to assert his right. He cannot, by his silence, induce or encourage the commission of the act and then be heard to complain. Bondy v. Samuels, 333 Ill 535, 165 NE 181 (1929); Greer v. Carter Oil Co., 373 Ill 168, 25 NE2d 805 (1940).

██ The trial court properly held that plaintiff's rights to the property involved could not be considered by it since the judgment of the probate court could not be attacked collaterally for errors or irregularities of a nonjurisdictional nature, even though such judgment may be voidable, or so illegal or defective that it would be set aside on a proper direct application.

For the reasons expressed, we affirm the judgment of the circuit court.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.