Harry V. Parker, Plaintiff-Appellant, v. The Board of Trustees of Southern Illinois University, a Public Corporation, Defendant-Appellee.

Gen. No. 65–114.

Fifth District.

September 14, 1966.

Emerson Baetz, of Alton, for appellant.

Donald R. James, of Edwardsville, and Green and Hoagland of Alton (James K. Almeter, of counsel), for appellee.

MORAN, J.

This is an appeal from a judgment dismissing the plaintiff's complaint in an action brought by Harry Parker to set aside a previous judgment in an eminent domain proceeding, to declare a stipulation made in that proceeding not binding on the plaintiff, and to enjoin the defendant from attempting to enforce the judgment and from entering upon land owned by the plaintiff.

The complaint alleged that Parker was the owner of one parcel of land and the joint owner of another; that an eminent domain suit was filed by the defendant to take a certain amount of land, including both parcels owned by Parker; that a purported stipulation was entered into between the attorney for Parker and the attorneys for the defendant, providing that certain amounts should be paid for certain parcels of land; that, on the same day the paper was executed, the court considered the stipulation and ordered that, upon the payment of the amounts specified in the stipulation, the defendant be vested with title to the property. The complaint then alleged that the stipulation was not lawful because it did not purport to be executed by Parker; it was not authorized by Parker; it did not purport to stipulate as to a fact, but rather to accomplish a sale of real estate; there was no written authority for the execution of the stipulation, as required by the statute of frauds; and the court had no jurisdiction to act as a conduit for the sale of real estate.

The complaint also alleged that the judgment of the court was not lawful because it did not contain the provisions required for a judgment following the law of eminent domain, and because it was based on a void stipulation. Parker did not appeal from the prior judgment. The defendant moved to dismiss the complaint, arguing that it constituted a collateral attack upon a valid judgment. The court granted the motion and, since Parker declined to plead further, a final judgment was entered.

■ It is the established law in Illinois that a judgment rendered by a court having jurisdiction of the parties and the subject matter is not open to impeachment in any collateral action, except for fraud in its procurement; and, even if the judgment is voidable and so illegal or defective that it would be set aside on a proper direct application, it is not subject to collateral attack so long as it stands in force. Walton v. Albers, 380 Ill 423, 44 NE2d 145; Baker v. Brown, 372 Ill 336, 23 NE2d 710; Liberty Nat. Bank of Chicago v. Booth, 403 Ill 62, 85 NE2d 21; Jurek v. Smuczynski, 61 Ill App2d 426, 209 NE2d 850.

■ Examining further the requirement of jurisdiction of the subject matter, the court in Ward v. Sampson, 395 Ill 353, at 361, 70 NE2d 324, held that, "where the court entering a judgment exceeds its jurisdiction and the judgment or decree transcends the statute conferring jurisdiction on the court, the judgment or decree is void, and may be collaterally impeached or set aside on motion after the time for review by appeal has expired." Oak Park Nat. Bank v. Peoples Gas Light & Coke Co., 46 Ill App2d 385, 197 NE2d 73.

In this case, the complaint filed by Parker constituted a collateral attack upon the judgment of the court in the prior eminent domain proceeding. As such, it was improperly dismissed only if that court did not have jurisdiction of the parties or of the subject matter. There is

no allegation and it does not appear that the court lacked jurisdiction over the parties. However, the plaintiff did allege and argues that it was beyond the jurisdiction of the court to act as a conduit or instrument for the sale of real estate.

■ ■ This allegation erroneously assumes that an eminent domain suit may not proceed upon a stipulation as to compensation and that, when reliance is placed upon such a stipulation, a court exceeds its jurisdiction. Appellant cites no authority for this contention. In the absence of some compelling authority to the contrary, we cannot see why parties to a condemnation suit cannot stipulate as to the compensation to be paid for the land being condemned. Stipulations are customarily used in eminent domain proceedings. Forest Preserve Dist. of Cook County v. Eckhoff, 372 Ill 391, 24 NE2d 52; East Side Levee & Sanitary Dist. v. Jerome, 306 Ill 577, 138 NE 192, including stipulations as to compensation. Department of Public Works & Buildings v. First Nat. Bank of Highland Park, 26 Ill2d 159, 186 NE2d 273. The plaintiff also alleges that the stipulation was not lawful because there was no proof that his attorney had authority to execute the stipulation. While it is true that an attorney is not authorized to consent to the entry of a judgment against his client without the client's consent, a court is not deprived of jurisdiction when he so acts. The remedy of the client is against his attorney. Village of Dolton v. S. Ellen Dolton Estate, 331 Ill 88, 162 NE 214; American Car & Foundry Co. v. Industrial Commission, 335 Ill 322, 167 NE 80; County of Cook v. Schroeder, 55 Ill App2d 449, 205 NE2d 257.

■ Since the court in the eminent domain proceeding had acquired jurisdiction over the person and the subject matter, its judgment may not be attacked collaterally. The remaining allegations of error in the plaintiff's brief need not be considered since they relate to matters other

than the jurisdiction of the court. The complaint was properly dismissed.

For the foregoing reasons, the judgment of the Circuit Court of Madison County, Illinois, is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.