473 F.2d 94
 153 U.S.App.D.C. 383
 UNITED STATES of America
v.
CERTAIN LAND IN SQUARES 532 AND 570, etc., PARCELS 1 AND 9, Appellant.
 No. 23573.
 United States Court of Appeals,
District of Columbia Circuit.
 Nov. 7, 1972.
As Amended Nov. 27, 1972.
 
 Messrs. William T. Hannan and Delancey W. Davis, Washington, D. C., were on the brief for appellant.
 Mr. Kent Frizzell, Asst. Atty. Gen., and Messrs. Edmund B. Clark and Stanley J. Fineman, Attys., Dept. of Justice, were on the brief for appellee.
 Before DANAHER, Senior Circuit Judge, and ROBINSON and WILKEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this condemnation action appellant alleges that the trial court committed two errors in establishing the value of certain land owned by appellant. First, the trial court allegedly erred in refusing to permit the jury to hear testimony regarding the value of land twelve to twenty blocks from the subject property. Secondly, the judge supposedly committed error in refusing to instruct the jury that no public funds were involved in the project. The trial judge was entirely correct in all his challenged actions, and, indeed, the course urged by appellant would have led him astray.
 
 
 2
 The expert witness presented by appellant at trial testified to the value of numerous parcels from which the value of the subject tract could have been drawn. The contested testimony dealt with property that was in an entirely different neighborhood. When confronted with the testimony, the court took judicial notice that the character of the condemned property and that of the property sought to be submitted as evidence were not comparable. In Leeaye, Inc. v. District of Columbia Redevelopment Land Agency,[1] this court approved a similar ruling in which the trial judge had taken judicial notice of the incomparability of certain land. Likewise, in this case we do not feel that the trial judge abused his discretion in excluding the evidence.
 
 
 3
 The trial judge did not commit error in refusing to instruct the jury that public funds were not involved in the project. Indeed, it would have been an improper appeal to prejudice or excessive liberality for the judge to have given such an instruction. Appellant stresses the importance of the proffered instructions in light of a query by appellee in summation to the jury as to whether it as a prospective buyer would want to spend "its money" in the amount sought by the owners. This was not improper. Appellee's closing argument asked the jurors to put themselves in the position of the purchaser trying to determine a fair market value. This is the proper standard and the trial judge did not err in permitting it.
 
 
 4
 We will not speculate as to what motivated the decision to take an appeal here, but certainly it would not seem to have been based upon even a faint hope of success on the legal merits of this appeal. Hence, we direct that all costs[2] of this frivolous appeal be assessed against the appellant.
 
 
 5
 For the above reasons the holding of the trial court is
 
 
 6
 Affirmed.
 
 
 
 [1]
 111 U.S.App.D.C. 316, 296 F.2d 438 (1961)
 
 
 [2]
 Cf. Rule 38, Fed.Rules App.Proc., amended as of October 1, 1972